**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| DAWN NICOSIA, Individually and on Behalf of All Other Persons Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. ) ) | Civil Action No. 4:26-cv-00259 |
| HY-VEE, INC., ) ) | |
| Defendant. ) ) | JURY TRIAL DEMANDED |

**INTRODUCTION**

Plaintiff Dawn Nicosia ("Plaintiff"), individually and on behalf of all others similarly

situated, through counsel, files this Collective and Class Action Complaint (the "Complaint")

against Defendant Hy-Vee, Inc. (herein "Defendant"), seeking all available relief under the Fair

Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, the Illinois Minimum Wage

Act, 820 ILCS 105/1 *et seq.* ("IMWL"), and/or similar laws in effect in other states in which

Defendant operated. The following allegations are based on Plaintiff's personal knowledge and

belief and upon information made known to Plaintiff.

**NATURE OF THE ACTION**

1.      This action seeks to recover unpaid overtime compensation and all available

damages, penalties and interest related thereto under the FLSA for Plaintiff and other current and

former salaried exempt-paid grocery store department manager-titled positions below the level of

Store Director, Assistant Store Director, and/or Store Manager in Defendant's stores, including

but not limited to Bakery Department Manager, Food Service Manager, Meat Department

Manager, Produce Department Manager, Assistant Manager of Health Wellness Home

(excluding "Human Resources Manager" or other "Human Resources"-titled positions), and other similarly situated current and former employees holding comparable salaried exempt-paid positions but different titles, including salaried exempt-paid "Trainee" level department managers, employed by Defendant working at Hy-Vee stores in the United States paid as salaried exempt at any time from three years before the date this Complaint was filed until entry of judgment in this matter (the "Relevant Time Period") who worked more than 40 hours in any given workweek (collectively "Department Managers" or "DMs"), and who join this case by opting in and thereby join in asserting their FLSA and individual supplemental state law claims (the "Collective" or "Collective Action Members").

2.      Plaintiff, pursuant to Fed. R. Civ. P. 23, also brings this case on a class action basis on behalf of herself and all other DMs who were paid a salary by Defendant but were not paid overtime premiums for working more than 40 hours in a workweek in the State of Illinois during the applicable limitations period(s) under the IMWL (the Rule 23 Class Members"), and/or under similar laws in effect in other states on behalf of all other DMs who worked those positions in those other states during the applicable period relevant to those other state laws.[1] Plaintiff alleges that the Rule 23 Class Members and all other DMs who worked those positions in other states during the applicable period relevant to those other state laws, are entitled to, *inter alia:* (i) unpaid overtime wages for hours worked above forty (40) hours in a workweek, as required by law, and (ii) liquidated damages, penalties, interest, reimbursement of attorney's fees

---

[1] Such laws include, but are not limited to: (1) the Minnesota Fair Labor Standards Act, 2025 Minn. Stat. §§ 177.21, *et seq.* for failure to pay overtime; (2) RSMo 290.010 *et seq.* for failure to pay overtime; and (3) Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 272.001 et seq., and Wis. Admin. Code § DWD 274.01 *et seq.*, for failure to pay overtime.

and costs, and all other available relief under the applicable statutes pursuant to Illinois law and/or similar laws in effect in other states as applicable.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

4.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

5.      Defendant regularly conducts business in this district.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7.      Plaintiff is an individual with her principal address in Illinois.

8.      Plaintiff was employed by and was permitted to work for Defendant in its Peoria, Illinois location as a Bakery Manager from January 2024 through May 2025.

9.      Plaintiff and the other individuals whose consents are attached hereto have consented in writing to join this action, pursuant to 29 U.S.C. § 216(b), as reflected by their consents attached hereto.

10.     Defendant is a corporation organized and existing under the laws of Iowa, with its principal offices at 5820 Westown Pkwy, West Des Moines, Iowa. Defendant operates more than 240 retail stores in eight Midwestern states, including Illinois, Iowa, Kansas, Minnesota, Missouri, Nebraska, South Dakota and Wisconsin.[2]

---

[2] *See* https://www.hy-vee.com/stores/, last visited June 22, 2026.

11.     At all times relevant herein, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 105/3(c) of the IMWL.

12.     At all times relevant herein, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13.     At all times relevant herein, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).  Further, Defendant has had (and has) a gross volume of sales, made or done business in an amount of at least $500,000 annually during the years within Relevant Time Period.

14.     During the Relevant Time Period, Plaintiff and all DMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

15.     Defendant issued paychecks to the Plaintiff and all DMs during their employment.

16.     Defendant suffered, permitted or directed the work of Plaintiff and all DMs, and Defendant benefited from work performed by Plaintiff and all DMs.

17.     Pursuant to Defendant's policy, pattern, and practice, Defendant did not pay Plaintiff and the DMs overtime wages for hours they worked as DMs for their employer's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

18.     Defendant employed Plaintiff and the putative Collective and the Rule 23 Class Members as DMs.

4

19.     Defendant maintains control, oversight, and discretion over the operation of its retail grocery stores, including its employment practices with respect to Plaintiff, the putative Collective Members, and the Rule 23 Class Members.

20.     Plaintiff and the putative Collective and Rule 23 Class Members performed work as DMs that was integrated into the normal course of Defendant's business.

21.     Consistent with Defendant's policy, pattern and/or practice, Plaintiff and the putative Collective and Rule 23 Class Members regularly worked in excess of 40 hours per workweek without being paid premium overtime wages, in violation of the FLSA and Illinois and other state laws.

22.     During her time as a DM, Plaintiff routinely worked more than 40 hours a week but was not paid overtime compensation for the hours she worked in excess of 40.

23.     Pursuant to company scheduling instructions, DMs were required to be scheduled to work 45 hours per week, at a minimum.

24.     Defendant assigned all of the work performed by Plaintiff and the putative Collective and the Rule 23 Class Members, and is aware of all the work that they have performed.

25.     The work primarily performed by Plaintiff and the putative Collective and Rule 23 Class Members required little specialized skills, no capital investment, and did not primarily include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

26.     Throughout the Relevant Time Period, Plaintiff and the putative Collective and Rule 23 Class Member DMs performed the same primary job duties, selling the grocery products and services that constitute Defendant's store offerings, helping and serving customers,

cleaning, checking to make sure that supplies were properly displayed and offered for purchase, checking inventory, and similar grocery sales and service production work duties.

27.     Throughout the Relevant Time Period, more than 50% of scheduled shifts worked by Plaintiff and the putative Collective and Rule 23 Class Members involved manual labor and physical movement and exertion, not performed in an office.

28.     Throughout the Relevant Time Period, the primary job duties of Plaintiff and the putative Collective and Rule 23 Class Members did not include: hiring, firing, disciplining, directing the work of other employees, or exercising meaningful independent judgment and discretion in matters of significance.

29.     The primary job duties of Plaintiff and the putative Collective and Rule 23 Class Members did not materially differ from the duties of non-exempt hourly paid employees, which included many duties that were manual and non-exempt in nature. The performance of manual labor and non-exempt duties occupied the vast majority of Plaintiff's and the putative Collective and Rule 23 Class Members' working hours.

30.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant classified all DMs and other similarly situated current and former employees holding comparable positions but different titles as exempt from the overtime provisions of the FLSA and Illinois and other applicable state laws.

31.     Upon information and belief, Defendant did not perform a person-by-person analysis of the job duties of DMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA, IMWL, and/or other applicable state laws.

32.     Defendant established labor budgets to cover labor costs for the stores in which Plaintiff and similarly situated DMs worked. Both the DMs' wages and the wages of

Defendant's store-level employees were deducted from the labor budgets. The labor budgets allocated the company-approved labor hours to be scheduled per department, and those department labor hours counted DM hours equivalent to hourly-paid associate hours. However, Defendant did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary manual and non-exempt tasks in each store. Defendant knew or recklessly disregarded the fact that the underfunding of store labor budgets resulted in Plaintiff and other similarly situated DMs (who were not paid overtime) working more than 40 hours in a workweek without receiving any additional overtime compensation, which allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt, store-level employees, in addition to avoid paying additional wages (including overtime) to the DMs that Defendant classified as exempt from the FLSA, IMWL, and/or other applicable state overtime laws.

33.     Defendant knew, by virtue of the fact that its Store Directors and other upper level in-store management positions (as their authorized agents) actually saw DMs perform primarily manual labor and non-exempt duties, that as a result of the underfunded labor budgets the amount of money available to pay non-exempt employees to perform such work was limited (and, ultimately, insufficient). Defendant knew that Plaintiff and other DMs were performing the work of non-exempt employees and, based on their actual job duties, DMs did not fall within any FLSA, IMWL, and/or other applicable state law exemptions. Defendant was aware of its obligations under the FLSA, the IMWL, and/or other applicable state laws, and acted willfully and/or recklessly under the FLSA in failing to classify Plaintiff and other DMs as non-exempt employees.

7

34. Defendant's unlawful conduct, as described above, was willful and/or in reckless disregard of the FLSA, and accomplished through Defendant's centralized, company-wide policy, pattern, and practice of minimizing labor costs by violating the FLSA, IMWL, and/or other applicable state laws.

35. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA, the IMWL, and/or other applicable state laws with respect to payment of Plaintiff and the putative Collective and Rule 23 Class Members. This policy, pattern, and practice includes, but it is not limited to, Defendant's knowledge of their obligations and the kind of work that Plaintiff and the putative Collective and Rule 23 Class Members were, and have been, performing. As a result, Defendant has:

   a. willfully misclassified Plaintiff and members of the putative Collective and Rule 23 Class;

   b. willfully failed to pay Plaintiff and the members of the putative Collective and Rule 23 Class overtime wages for hours they worked in excess of 40 hours per week; and

   c. willfully failed to provide enough money in its store-level labor budgets for non-exempt employees to perform their duties and responsibilities, forcing DMs to perform even more additional non-exempt tasks.

36. Defendant's willful violations of the FLSA, IMWL, and/or other applicable state laws is further demonstrated by the fact that during the course of the putative Collective and Class Action Periods and continuing to the present, Defendant has failed to maintain accurate and sufficient time records of the start and stop times of hours worked for Plaintiff and the

members of the putative Collective and Rule 23 Class. Defendant acted recklessly or in willful disregard of the FLSA, Illinois, and/or other applicable state laws by instituting a policy and/or practice that did not record hours that Plaintiff and DMs worked, did not maintain records of hours that Plaintiff and DMs worked, and did not allow Plaintiff and DMs to record all hours worked.

37.    Defendant's willful violations of the FLSA resulting in failure to pay overtime wages for work performed by the putative Collective in excess of 40 hours per workweek is further demonstrated by the fact that Defendant received prior complaints from salaried exempt-paid department managers that they were misclassified as exempt, but Defendant failed to conduct adequate investigation of its compliance with the FLSA and failed to reclassify the Plaintiff's and Putative Collective's salaried exempt-paid positions to non-exempt-paid.

38.    Due to the foregoing, Defendant's failure to pay overtime wages for work performed by the putative Collective and Rule 23 Class Members in excess of 40 hours per workweek was willful and/or reckless, and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39.    Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute her FLSA claims as a Collective Action on behalf of all putative Collective members at any time during the FLSA relevant period.

40.    Defendant is liable under the FLSA for, *inter alia*, failing to pay premium overtime wages to Plaintiff and the putative Collective during the FLSA relevant period for all hours worked over 40 in any given workweek.

41.    Upon information and belief, based on multiple DM positions at Hy-Vee's 240 store locations, there are likely hundreds of current and former DMs who have not been paid

9

premium overtime wages and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join. Thus, notice should be sent to the putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

42.    The putative Collective Action Members are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## **ILLINOIS SUPPLEMENTAL STATE LAW AND CLASS ALLEGATIONS**

43.    Pursuant to this Court's exercise of supplemental jurisdiction over the state law claims pled that Plaintiff and the putative Collective Action Members individually assert by joining the action, and pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiff seeks to prosecute her IMWL claims individually, on behalf of all Collective members, and as a class action on behalf of all persons who are or were formerly employed by Defendant as DMs at any time during the Relevant Time Period (the "Illinois Class").

44.    The persons in the Illinois Class are so numerous that their joinder is impracticable.

45.    There are questions of law and fact common to the Illinois Class and such questions predominate over questions solely affecting individual members of the Class (for example, whether Defendant has misclassified DMs as exempt from the overtime provisions of the IMWL).

46.    Plaintiff's claims are typical of the claims of the Illinois Class, Plaintiff is an adequate representative to fairly prosecute the interests of the Class, and Plaintiff has retained competent counsel to advance the interests of the Class.

47.    A class action is superior to other methods of adjudicating the IMWL claims arising out of unpaid overtime premiums alleged in this case.

**FIRST CAUSE OF ACTION**
**(FLSA: UNPAID OVERTIME WAGES)**
**(Brought on Behalf of Plaintiff and All Putative Collective Action Members)**

48.     Plaintiff, on behalf of herself and all putative Collective Action Members, re-allege and incorporate by reference paragraphs 1 through 42 as if they were set forth again herein.

49.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50.     At all relevant times, Defendant employed Plaintiff, and employed, or continues to employ, each of the putative Collective Members within the meaning of the FLSA.

51.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

52.     The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendant.

53.     At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay premium overtime compensation to its DMs for hours worked in excess of 40 hours in a workweek.

54.     As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the putative Collective Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

11

55.    As a result of Defendant's willful failure to record time and compensate its employees, including Plaintiff and the putative Collective Members, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

56.    As a result of Defendant's policy and practice of minimizing labor costs by underfunding labor budgets for their stores, Defendant knew or recklessly disregarded the fact that Plaintiff and the putative Collective Members were primarily performing manual labor and non-exempt tasks.

57.    Due to Defendant's (a) failure to provide enough labor budget funds, (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the putative Collective Members, (c) actual knowledge, through their store-level and district managers that the primary duties of Plaintiff and the putative Collective Members were manual labor and other non-exempt tasks, (d) failure to perform a person-by-person analysis of Plaintiff's and the putative Collective Members' job duties to ensure that they were performing exempt job duties, (e) policy and practice that did not allow Plaintiff and putative Collective Members to record all hours worked, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

58.    As a result of Defendant's FLSA violations, Plaintiff, on behalf of herself and the putative Collective Members, are entitled to (a) recover from Defendant their unpaid wages for all of the hours worked by them, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c)

recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

59.    Defendant's violations of the FLSA has been willful, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**(IMWL: UNPAID OVERTIME WAGES)**
**(Brought on Behalf of Plaintiff, all Individuals Who Join or are Joined to the Action, and the Illinois Class)**

60.    Plaintiff, all individuals who join or are joined to this action including by the filing of their Consent forms to join this case, and the Illinois Class re-allege and incorporate by reference paragraphs 1–37 and 42-46.

61.    Plaintiff, and all individuals who join or are joined to this action including by the filing of their Consent forms to join this case, also assert their individual claims under the IMWL claims pled in this action.

62.    During the Relevant Time Period, Plaintiff and the Illinois Class Members were employees of Defendant, and Defendant was an employer within the meaning of the IMWL, 820 ILCS 105/3(c).

63.    Prior to and continuing throughout the Relevant Time Period, Defendant misclassified Plaintiff and Illinois Class Members as exempt from the overtime provisions of the IMWL and failed to pay them overtime for hours worked in excess of 40 in a workweek.

64.    During the Relevant Time Period, Plaintiff and Illinois Class Members consistently worked more than 40 hours in a workweek without being paid overtime compensation.

65.    Plaintiff and Illinois Class Members are entitled to unpaid overtime under the IMWL as well as all other relief provided by law, including all penalties and interest applicable

13

to the weeks worked, including but not limited to treble the amount of the unpaid overtime, damages in the amount of 5% of the amount of any such unpaid overtime for each month following the date of payment during which such overtime remains unpaid, prejudgment interest, and attorneys' fees and costs pursuant to §12(a) of the IMWL, 820 ILCS 105/12.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the putative Collective Members and Rule 23 Class Action Members are entitled to and pray for the following relief:

a. Authorization for prompt issuance of FLSA notice pursuant to 29 U.S.C. § 216(b), to all putative Collective members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents pursuant to 29 U.S.C. § 216(b);

b. Final certification for collective action trial of this action under the FLSA;

c. Certification of this action as a class action on behalf of Illinois Class Members and those under other applicable state wage laws, with prompt issuance of class notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to opt-out or to be bound by any judgment in the matter;

d. A declaratory judgment that the practices complained of are unlawful under the FLSA, IMWL, and other applicable state wage laws;

e. An award of unpaid wages for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay under the FLSA, IMWL, and other applicable state wage laws, by calculation method dependent on the jury's factfinding determination of a clear mutual

14

understanding whether weekly salary was intended to compensate a set amount of hours, a default 40 hour amount of hours, or all hours worked;

f.     An award of liquidated damages under the FLSA to the Plaintiff and Collective Action Members as a result of Defendant's willful failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216;

g.     An award of damages under the IMWL, as applicable based on weeks worked, including (1) treble the amount of the unpaid overtime; and (2) 5% of the amount of any unpaid overtime for each month following the date of payment during which such unpaid overtime remains unpaid; and, for such other applicable state wages laws, as available under such laws;

h.     An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

i.     An award of prejudgment and post-judgment interest;

j.     An award of Plaintiff's costs and expenses of this action together with Plaintiff's reasonable attorneys' and expert fees, and an award of a service payment to Plaintiff and any other designated representative of the Collective or Class;

k.     Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to FED. R. CIV. P. 38(b), Plaintiff, individually and on behalf of the Collective Action Members, the Illinois Class, and classes under similar laws in effect in other states where Defendant operated, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: June 23, 2026

By:    */s/ Madison Fiedler-Carlson*_____
FIEDLER LAW FIRM, P.L.C.
Madison Fiedler-Carlson AT0013712
madison@employmentlawiowa.com
8831 Windsor Parkway
Johnston, Iowa 50131
Telephone: (515) 254-1999
Fax: (515) 254-9923


\_s/ Bethany A. Hilbert_____
C. Andrew Head (IL ARDC 6318974)*
Bethany Hilbert (IL ARDC 6280213)*
Head Law Firm, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
Tel: (404) 924-4151
Fax: (404) 796-7338
Email: bhilbert@headlawfirm.com
       ahead@headlawfirm.com

*pro hac vice application to be filed

***Attorneys for Plaintiff, the Collective, and the Illinois and State Classes***

16

## <u>CONSENT FORM</u>

I hereby consent to join a court action against Hy-Vee, Inc. ("Defendant") to recover any unpaid overtime and/or other damages that I may be owed under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, (the "FLSA"); and, if applicable, under the supplemental state law claims, as a result of my employment as a salary-paid department manager.

DATE: April 2, 2026

SIGNATURE: *Dawn M Nicosia*

PRINTED NAME: Dawn M Nicosia

## CONSENT FORM

I hereby consent to join a court action against Hy-Vee, Inc. ("Defendant") to recover any unpaid overtime and/or other damages that I may be owed under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, (the "FLSA"); and, if applicable, under the supplemental state law claims, as a result of my employment as a salary-paid department manager.

DATE: 19/06/26

SIGNATURE: *Jeff Hall*
Jeff Hall (Jun 19, 2026 20:07:38 CDT)

PRINTED NAME: Jeffrey S Hall

## CONSENT FORM

I hereby consent to join a court action against Hy-Vee, Inc. ("Defendant") to recover any unpaid overtime and/or other damages that I may be owed under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, (the "FLSA"); and, if applicable, under the supplemental state law claims, as a result of my employment as a salary-paid department manager.

DATE: _19/06/26_____

SIGNATURE: _Trevor Higgins (Jun 19, 2026 11:26:30 CDT)_____

PRINTED NAME: _Trevor Higgins_____

## <u>CONSENT FORM</u>

I hereby consent to join a court action against Hy-Vee, Inc. ("Defendant") to recover any unpaid overtime and/or other damages that I may be owed under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, (the "FLSA"); and, if applicable, under the supplemental state law claims, as a result of my employment as a salary-paid department manager.

DATE: 23/06/26 _____

SIGNATURE: Brett Kelley (Jun 23, 2026 10:31:21 CDT) _____

PRINTED NAME: Brett Kelley _____

## CONSENT FORM

I hereby consent to join a court action against Hy-Vee, Inc. ("Defendant") to recover any unpaid overtime and/or other damages that I may be owed under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, (the "FLSA"); and, if applicable, under the supplemental state law claims, as a result of my employment as a salary-paid department manager.

DATE: 19/06/26 _____

SIGNATURE: _Steven Knecht_____
Steven Knecht (Jun 19 2026 19:53:41 CDT)

PRINTED NAME: _Steven Knecht_____

## <u>CONSENT FORM</u>

I hereby consent to join a court action against Hy-Vee, Inc. ("Defendant") to recover any unpaid overtime and/or other damages that I may be owed under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, (the "FLSA"); and, if applicable, under the supplemental state law claims, as a result of my employment as a salary-paid department manager.

DATE: ___19/06/26___

SIGNATURE: ___Martin Krause (Jun 19, 2026 19:50:21 CDT)___

PRINTED NAME: ___Martin Krause___